[692 NYS2d 700]

In the Matter of PETER PAUL MENDEL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, July 6, 1999

---

**APPEARANCES OF COUNSEL**

*Grace D. Moran,* Syosset (*Robert P. Guido* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition, dated July 13, 1998, which contains one charge of professional misconduct against him. The Special Referee sustained the charge after a hearing at which the respondent neither appeared nor communicated an excuse for his absence, despite having been served with proper notice. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems warranted. The respondent has neither cross-moved nor submitted any papers in response to the Grievance Committee's motion.

Charge One alleged that the respondent failed to re-register with the Office of Court Administration (hereinafter OCA) since 1991 and currently owes $900.

OCA wrote to the respondent in December 1992 and on November 24, 1993, and November 14, 1994, before notifying the Grievance Committee of his failure to re-register, as required by Judiciary Law § 468-a.

By letter dated October 19, 1995, the Grievance Committee notified the respondent of its *sua sponte* investigation and directed that the respondent immediately comply with the statute and submit a written response to the Grievance Committee within 15 days. The respondent failed to comply.

By letter dated January 2, 1996, the Grievance Committee demanded that the respondent submit, within 10 days, an explanation for his failure to register or to respond to the prior letter. By letter dated January 21, 1996, the respondent, who was practicing law in California, asked the Grievance Committee to provide him with the necessary registration documents, notwithstanding directions that he contact OCA.

By telephone call on May 22, 1996, the respondent said that he would make a partial payment by July 22, 1996. In August 1996 OCA indicated that it last heard from the respondent in July 1991. By letter dated August 14, 1996, the Grievance Committee advised the respondent that a motion for his suspension would ensue unless the respondent provided a written response by September 16, 1996. The respondent failed to honor the deadline.

By letter dated September 4, 1996, the respondent requested leave to make partial payments and sought a reduction in fees. By letter dated September 12, 1996, the Grievance Committee advised the respondent that there are no provisions for either

partial payments or a reduction in fees and forwarded a form to voluntarily resign.

By letter dated March 20, 1997, the Grievance Committee urged the respondent to contact OCA and to submit proof of re-registration. By letter dated March 25, 1997, the respondent again wrote to the Grievance Committee to request forms to re-register. The Grievance Committee again advised the respondent of his obligation to contact OCA and set April 15, 1997, as a deadline for his response. The Grievance Committee issued the respondent a Letter of Admonition, dated July 31, 1997, and directed him to resign, retire, or register within 30 days.

On March 23, 1998, the Grievance Committee contacted the respondent by telephone at his law office in California. A deadline of April 3, 1998 was set for the respondent's reply. The respondent indicated that he would comply and requested the Grievance Committee's fax number so that he could submit a copy of what he was sending OCA.

Notwithstanding these numerous requests, the respondent has failed to register with OCA or to properly respond to the Grievance Committee.

The Special Referee properly sustained the charge in view of the uncontroverted evidence and the respondent's default. The Grievance Committee's motion to confirm is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's default and the absence of any evidence offered in mitigation. The sole explanation proffered by the respondent for his inaction, in his letter to the Grievance Committee dated September 4, 1996, was that he had severe financial constraints. Even after the issuance of a Letter of Admonition, dated July 31, 1997, for his failure to re-register and a directive that he register, retire, or resign within 30 days, the respondent failed to take any action. Under the circumstances, the respondent is disbarred.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Peter Paul Mendel, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, sus-

pended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, Peter Paul Mendel is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.